IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:13CV691-RJC-DSC

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** |
| | ) **AND ORDER** |
| v. | ) |
| CORPOREX COMPANIES, LLC, et. al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the United States District Court for the Eastern District of Kentucky" (document #4) and the the parties' briefs and exhibits. See documents ##4-8, 14 and 15.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion be granted in part and denied in part and that this matter be transferred to United States District Court for the Eastern District of Kentucky, as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Accepting the allegations of the Complaint as true, this matter involves loan guarantees

made by non-party Corporex Realty to Plaintiff or its predecessor in interest on behalf of three Corporex Realty affiliates ("the Borrowers"). In 2011, Plaintiff filed actions against the Borrowers to foreclose on the loans. Plaintiff also sued Corporex Realty to enforce the guarantees. The action against Corporex Realty was initially filed in the United States District Court for the Southern District of Ohio, but was later transferred to the Eastern District of Kentucky. Two of the foreclosure actions were filed in the Eastern District of Kentucky. One was filed in the Middle District of Florida.

Plaintiff alleges that contrary to provisions in the guarantees requiring Corporex Realty to maintain certain levels of liquidity and net worth, it has transferred "all or substantially all" of its assets to its affiliate Defendant Corporex Companies, LLC. Plaintiff alleges that Defendants Butler and Banta are "person[s] in control of Corporex Companies as well as Corporex Realty…." All of the Defendants are citizens of Kentucky.

On December 16, 2013, Plaintiff filed the subject Complaint against Defendants, seeking rescission of the asset transfers and damages in excess of $130 million. Plaintiff alleges six claims for fraudulent transfer under various North Carolina and Ohio statutes, along with claims for fraud, aiding and abetting fraudulent transfer, conspiracy and breach of fiduciary duty, also under North Carolina and Ohio law.

On December 31, 2013, Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue.

Defendants' Motion has been fully briefed and is ripe for disposition.

## II. **DISCUSSION OF CLAIMS**

Defendants contend that they lack sufficient minimum contacts with North Carolina for

2

the exercise of personal jurisdiction to be proper.  See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (exercise of personal jurisdiction comports with due process when the defendant purposefully established "minimum contacts" in the forum state); Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993) (same).

In the alternative, Defendants argue that venue should be transferred to the Eastern District of Kentucky under 28 U.S.C. §1404(a) for the "convenience of the parties" and "in the interest of justice." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (motions to transfer under § 1404(a) in District Court's discretion, giving consideration to convenience, fairness and balancing of case-specific factors).

Where personal jurisdiction is lacking, venue may be transferred to a federal district where jurisdiction is proper as to all parties. Mason v. Sallyport Global Holdings, Inc., ___ F.Supp.2d ___, 2013 WL 6504625, *3  (E.D.Va. December 9, 2013) (where personal jurisdiction is lacking, venue may be transferred pursuant to §1404(a) so long as "claims might have been brought in the transferee forum and … interest of justice and convenience … justify transfer to that forum") (quoting Va. Innovation Sciences, Inc. v. Samsung Elecs. Co., Ltd., 928 F.Supp.2d 863, 867 (E.D.Va. 2013)).   There is no dispute that this action could have been brought in the Eastern District of Kentucky.  Since the interests of justice, fairness, and convenience favor transfer to the Eastern District of Kentucky, the undersigned recommends that Defendants' alternative Motion to Transfer Venue be granted.

The factors to be considered in a transfer of venue motion include:

1.	The plaintiff's initial choice of forum;

2.	The residence of the parties;

3. The relative ease of access of proof;

4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;

5. The possibility of a view;

6. The enforceability of a judgment, if obtained;

7. The relative advantages and obstacles to a fair trial;

8. Other practical problems that make a trial easy, expeditious, and inexpensive;

9. The administrative difficulties of court congestion;

10. The interest in having localized controversies settled at home and the appropriateness of having the trial of a diversity case in the forum where that state's law governs the action; and

11. The avoidance of unnecessary problems with conflict of laws.

See, e.g., AC Controls Co. V. Pmoeroy Computer Resources, Inc., 284 F.Supp. 2d 357, 362-63 (W.D.N.C. 2003) (considering factors and transferring venue); Rice v. BellSouth Advertising & Pub. Corp., 240 F.Supp.2d 526, 529 (W.D.N.C.2002) ("[a] court should analyze each of these factors both quantitatively and qualitatively"); D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F.Supp. 205, 211-12 (W.D.N.C. 1992); Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F.Supp. 1315, 1322 (W.D.N.C. 1990); McDevitt & Street Co. v. Fidelity & Deposit Co. of Md., 737 F.Supp. 351, 354 (W.D.N.C.1990).

Most if not all of the events giving rise to Plaintiff's claims occurred in Kentucky and Ohio—not North Carolina. Although a plaintiff's choice of forum should not lightly be

disturbed, where the operative facts underlying the action did not occur in the chosen forum, that choice is not entitled to substantial weight. See Parham v. Weave Corp., 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004); Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 2d 582, 592 (E.D. Va. 1992) (transferring venue).

The factors concerning access to a fair trial, possibility of a view and conflict of laws appear neutral or inapplicable here. The remaining factors favor transferring venue to the Eastern District of Kentucky. Relative ease and access of proof as well as availability of witnesses weigh heavily in favor of transfer. All of the potential fact witnesses and the documents related to the asset transfers are in Ohio and Kentucky. Plaintiff will not be inconvenienced since it has already initiated related litigation against Corporex Realty in the Southern District of Ohio (now transferred to the Eastern District of Kentucky) and against two of the Borrowers in the Eastern District of Kentucky.

The collection of any judgment obtained favors transfer. Defendants own property in Kentucky and have none in North Carolina.

Factors related to other practical issues also favor transfer. Transfer will promote judicial economy. Plaintiff contends that Defendants delayed the Kentucky litigation in order to facilitate the transfer of assets. That issue will be better resolved in the Eastern District of Kentucky.

Administrative difficulties due to court congestion favor transfer. Based upon Federal Court Management Statistics, judges in the Eastern District of Kentucky had an average of thirty-two fewer cases pending than did judges in the Western District of North Carolina as of September 30, 2013.

The local interest factor favors transfer for the reasons discussed above. Most of the events giving rise to this action, the parties' relationship and the alleged transfers are centered almost entirely in Southwestern Ohio and Northern Kentucky.

Accordingly, for those reasons the undersigned respectfully recommends that this Court transfer venue in this matter to the United States District Court for the Eastern District of Kentucky.

## III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the United States District Court for the Eastern District of Kentucky" (document #4) be **GRANTED IN PART** and **DENIED IN PART**, that is, that this matter be transferred to the United States District Court for the Eastern District of Kentucky.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the

right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: February 11, 2014

David S. Cayer
United States Magistrate Judge